UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANE HATCHER,

                Plaintiff,

v.                                              Case No. 20-2374-SAC

HCP PRAIRIE VILLAGE KS, OPCO
LLC, et al.,

                Defendants.

## **ORDER POSTPONING SCHEDULING CONFERENCE**

At issue is whether this court's jurisdiction to proceed with the scheduling of this case was divested upon defendants' filing of a notice of interlocutory appeal on February 19, 2021.[1] The court sought the parties' input on this question,[2] and the parties provided their positions in briefs filed on February 24, 2021.[3] Because the undersigned U.S. Magistrate Judge, James P. O'Hara, concludes this jurisdictional question turns on a decision that ultimately will be made by the presiding U.S. District Judge, Sam A. Crow, perhaps after further briefing, the scheduling conference set for February 25, 2021,[4] is postponed indefinitely.

---

[1] *See* ECF No. 47.

[2] ECF No. 51.

[3] ECF Nos. 54, 55.

[4] *See* ECF No. 43.

This action involves claims arising from the COVID-19-related death of Amanda Annette L'heureux, who was a resident at a nursing facility owned and/or operated by defendants. Defendants moved to dismiss the action on the basis that they are immune from suit (or otherwise have a defense against the action) under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d-6d, or under Kansas Executive Order 20-26.[5] On January 27, 2021, Judge Crow, denied defendants' motion, holding that, at this early stage in the litigation, the court would not dismiss plaintiff's claims on the basis of immunity.[6] The undersigned then set the scheduling conference.

As noted above, defendants recently appealed Judge Crow's decision denying their motion to dismiss.[7] Under the general divestiture rule, "an effective notice of appeal transfers jurisdiction from the district court to the court of appeals" over all matters involved in the appeal.[8] When the issue on interlocutory appeal is immunity from suit, the transfer of jurisdiction is "virtually complete," and "the district court has lost jurisdiction

---

[5] ECF No. 36.

[6] ECF No. 40 at 16-17.

[7] Defendants state they appropriately filed their appeal in the United States Court of Appeals for the District of Columbia Circuit pursuant to the PREP Act. ECF No. 54 at 2, 5-6 (citing § 247d-6d(e)(10)). Plaintiff disagrees. The undersigned need not decide this issue.

[8] *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998). *See also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

2

to proceed."[9] The general divestiture rule does not apply, however, "if the appeal is taken from a nonappealable order"[10] or if the district court "take[s] the affirmative step of certifying the appeal as frivolous or forfeited."[11]

On February 24, 2021, plaintiff filed a motion asking the court to certify the appeal as frivolous.[12] Defendants' response to the motion is due by March 10, 2021, and Judge Crow ultimately will decide the merits of the motion. As noted above, if Judge Crow certifies the appeal as frivolous, this court will be deemed to have jurisdiction and the undersigned will have authority to move forward with setting a schedule in this case. But until the jurisdictional question is answered, it would be inappropriate to move forward with the scheduling of this case.[13]

---

[9] *Stewart v. Donges,* 915 F.2d 572, 574, 577 (10th Cir. 1990) ("[A]n interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant.").

[10] *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998).

[11] *Stewart,* 915 F.2d at 577-78.

[12] ECF No. 56.

[13] Incidentally, plaintiff takes the position in her brief on jurisdiction that the second exception to the divestiture rule—that the appeal is from a nonappealable order—also applies here. ECF No. 55 at 3. Though the undersigned does not find it appropriate to decide this question now, given that it will become moot if Judge Crow deems the appeal frivolous, the undersigned notes the argument is not well taken.

Plaintiff's reliance on the decision in *In re Syngenta AG MIR 162 Corn Litigation*, No. 14-md-2591-JWL, 2020 WL 4333559, at *5 (D. Kan. July 28, 2020), in which U.S. District Judge John W. Lungstrum held the filing of an appeal did not divest the district court of jurisdiction, is misplaced. The appeal in *Syngenta* was not taken from an order denying immunity, but rather from the type of order that the Tenth Circuit "has stated

IT IS THEREFORE ORDERED that the scheduling conference set for February 25, 2021, is canceled.  It will be re-set if and when this court regains jurisdiction (e.g., if Judge Crow certifies the appeal as frivolous or if the D.C. Circuit dismisses the appeal on any ground).

Dated February 24, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

unequivocally" is not immediately appealable—an order denying a motion to recuse.  *Id.* (citing *In re American Ready Mix, Inc*., 14 F.3d 1497, 1499 (10th Cir. 1994)).  In addition, the appellant in Syngenta had previously appealed earlier orders in the case, but the Tenth Circuit had dismissed the appeals as premature; the appellant did not address how his appeal of the order on the motion to recuse was any different.  *Id.*  Defendants' appeal here of Judge Crow's decision on immunity is clearly distinguishable.