IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LANE HATCHER Individually, In A Representative Capacity for All Persons Identified by K.S.A. § 60-1902; and as Special Administrator of the Estate of Amanda L'Heureux<br><br>Plaintiff(s),<br><br>v.<br><br>HCP PRAIRIE VILLAGE KS OPCO LLC *et al*<br><br>Defendant(s). | Case No. 2:20-cv-02374-SAC-JPO<br><br>Jury Trial Demanded |

MOTION FOR APPROVAL OF WRONGFUL DEATH
SETTLEMENT AND FOR EVIDENTIARY HEARING

COMES NOW Plaintiff Lane Hatcher, Individually and HCP Prairie Village KS OPCO LLC ("Defendant") and pursuant to K.S.A. §60-1905, and move for an (1) evidentiary hearing regarding the settlement in this case and allocation of settlement proceeds; and after such hearing (2) an Order from this Court approving the proposed settlement and allocation of settlement proceeds between the above-named Plaintiff and Defendants for the reasons and terms set forth herein

1.  This action was brought by Plaintiff in her individual capacity. The claims asserted by the Estate of Amanda L'Heureux will be dismissed prior to the hearing. Plaintiff is the surviving heir-at-law of Amanda L'Heureux "Decedent," by virtue of being her daughter.

2.  This action is now pending for damages resulting from the wrongful death of decedent on April 26, 2020.

3.  Plaintiff, through counsel, investigated the facts and circumstances of the alleged occurrence, the death of the decedent, and the potential elements of damages as set forth in K.S.A. §60-1904.



1

4.	Despite the fact that Defendants deny any and all liability of any kind or character to Plaintiff in this case, Plaintiff negotiated a settlement with Defendants on behalf of all persons who are entitled to sue under K.S.A. §60-1902, said settlement being a full and complete release and settlement of all claims against Defendants death of decedent pursuant to the terms of the release document which will be presented to the Court, in camera, at the time of the hearing.

5.	This settlement is conditioned upon apportionment of this settlement by this Court to all persons entitled to receive a distribution under order of this Court.

6.	Plaintiff is the surviving daughter of decedent, and surviving heir-at-law. Decedent had two other children Lori Hatcher and Brady Hatcher who are heirs having an interest herein pursuant to K.S.A. § 60-1905: All heirs will be given notice of the settlement and notice of the hearing as required in K.S.A. § 60-1905, and invited to attend and participate, by way of service of this Motion and Notice of Hearing via U.S. Mail signature required.

7.	Pursuant to K.S.A. §60-1902, Plaintiff is entitled to maintain the above-captioned action on behalf of themselves and all other heirs-at-law that may exist regarding the death of the decedent.

8.	Plaintiff employed the attorneys and law firms shown below as their respective representatives in the prosecution of this case. The attorneys have now fully investigated both the law and facts pertinent to this case and has advised Plaintiff that the above-captioned case should be compromised and settled with Defendants for a confidential amount which will be presented to the court in camera at the time of the hearing on this settlement.

9.	Plaintiff's attorney is entitled to attorneys' fees and expenses pursuant to their agreement with Plaintiff. Requests for the Court's approval of those fees and expenses will be presented in full detail and in camera at the hearing to approve this settlement.


Filing of Steele Chaffee

10. Plaintiff and their attorney believe, represent and state to the Court that the aforementioned settlement with Defendants is fair and reasonable considering all the facts and circumstances, and that approval by this Court will be in the best interests of all concerned.

11. Plaintiff respectfully request that the Court enter an order approving the proposed settlement of Plaintiff' claims against Defendants in the total amount to be presented at the hearing and that the Court apportion the settlement among those individuals entitled to receive the proceeds of this settlement.

12. Plaintiff and any claimed heir-at-law acknowledge the settlement when approved by the Court will constitute full satisfaction of all claims against Defendants and request the Court to further order Plaintiff and the claimed heirs-at-law as follows:

- to collect and receive payment of the settlement proceeds;
- to execute the release documents;
- to approve the agreed upon attorneys' fees and case expenses to their attorney; and
- to apportion the recovery in accordance with K.S.A. § 60-1905

13. Plaintiff waives the right to a jury trial and submit all issues of the proposed settlement with Defendants to the Court for approval.

**WHEREFORE,** Plaintiff respectfully move for this Court's Order for the following after an evidentiary hearing

1. Approval of the settlement between Plaintiff and the claimed heirs-at-law, and Defendants;

2. Approve the contracted attorneys' fees and case expenses;

3. Order execution of the settlement documents; and

4. Order payment and collection of the settlement proceeds in accordance with the terms of the settlement agreement between the parties.


*Filing of Steele Chaffee*

3

        Respectfully Submitted,

        STEELE CHAFFEE, LLC

        By:   */s/ Jonathan Steele*
        Jonathan Steele  KS #24852
        Kevin Chaffee    KS #24569
        2345 Grand Boulevard, Suite 750
        Kansas City, MO 64108
        Ph: (816) 466-5947
        Fax: (913) 416-9425
        jonathan@nursinghomeabuselaw.com
        kevin@nursinghomeabuselaw.com

        ATTORNEYS FOR PLAINTIFF(S)



## CERTIFICATE OF SERVICE

I hereby certify that the below-signed Attorney signed the original of the above and foregoing and is maintaining the original copy at said Attorney's office, and that on May 23, 2022 a copy of the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all parties and attorneys of record.

/s/ Jonathan Steele
Attorney for Plaintiff(s)

